# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.   § | 1:17-CR-00202-RP |
| § | |
| KEVIN CHARLESTON ALLEN HARRIS, JR. § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ROBERT PITMAN**
   **UNITED STATES DISTRICT JUDGE**

Before the Court is the United States Probation Office's Amended Petition for Warrant or Summons for Offender Under Supervision recommending that the Court revoke Defendant's term of supervised release, filed September 23, 2025 ("Petition") (Dkt. 71). This Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

## Procedural Background

Defendant pled guilty to Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 941(g)(1) and 942(a)(2). Dkt. 25. On September 19, 2017, Defendant was sentenced to 84 months imprisonment, to be followed by three years of supervised release. Dkt. 38.

Defendant's term of supervised release began on January 20, 2023. In the Petition, the Probation Officer alleges that Defendant violated these conditions of his supervised release:

> **Violation of Mandatory Condition No. 1:** The defendant shall not commit another federal, state, or local crime during the term of supervision.
>
> **Violation of Special Condition No. 1:** The defendant shall refrain from the use of alcohol and all other intoxicants during the term of supervision.

1

**Nature of Noncompliance:** Defendant was convicted of Assault Causes Bodily Injury Family Violence – Class A misdemeanor in Cause No. D-1-DC-24-209758 in the 427th District Court, Travis County, Texas. The Petition alleges that while intoxicated on December 25, 2024, Defendant assaulted his girlfriend who was then pregnant with his child, injuring her and her nine-month-old baby.

The District Court referred this case to this Magistrate Judge to conduct a hearing to modify, revoke, or terminate defendant's supervised release and to submit proposed findings of fact and conclusions of law for such modification, revocation, or termination, including, in the case of revocation, a recommended disposition under 18 U.S.C. § 3553(e). Defendant waived a preliminary hearing. On October 3, 2025, pursuant to 28 U.S.C. § 636(a) and 18 U.S.C. § 3401(i), this Magistrate Judge conducted a final revocation hearing at which Defendant, his attorney, and an attorney for the United States Government appeared. Defendant consented to proceed before a United States Magistrate Judge. Defendant pled "True" to the violation of Special Condition No. 1 alleged in the Petition. The Court also finds, based on Defendant's conviction, that he committed the violation of Mandatory Condition No. 1 alleged in the Petition.

### Findings of the Court

1. Defendant violated Mandatory Condition No. 1 and Special Condition No. 1 by his conduct as alleged in the Petition.

2. Defendant received a copy of the Petition naming him; read the Petition or had it read to him; understood the Petition and the charges alleged against him; and had the opportunity to discuss the Petition and charges with his attorney.

3. Defendant voluntarily gave consent to allocute before a United States Magistrate Judge.

4. Defendant had both a factual and rational understanding of the proceedings against him.

5. Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

6. Defendant was sane and mentally competent at the time of these proceedings.

7. Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. Defendant understood all of his statutory and constitutional rights and desired to waive those rights.

9. Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

10. Defendant waived a reading of the charges against Defendant by the Government.

11. Defendant freely, intelligently, and voluntarily pled "True" to the violation of Special Condition No. 1 of his supervised release alleged in the Petition.

12. The Court finds that Defendant violated Mandatory Condition No. 1 and Special Condition No. 1 of his term of supervised release, as alleged in the Petition, and that there is a factual basis in support of those findings.

## **Factors Considered**

The Court has considered the factors set out in 18 U.S.C. § 3583(e), which makes reference to most of the factors set out in 18 U.S.C. § 3553(a), that is:[1]

a. the nature and circumstances of the offense, § 3553(a)(1);

b. the history and characteristics of Defendant, (a)(1);

c. the need to afford adequate deterrence to criminal conduct, (a)(2)(B);

d. the need to protect the public, (a)(2)(C);

e. the need to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, (a)(2)(D);

f. the kinds of sentence and the sentencing range recommended by the United States Sentencing Guidelines, policy statements and corresponding analysis, (a)(4) and (a)(5);

g. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found responsible for similar conduct, (a)(6); and

h. the need to provide restitution to any victims of the offense, (a)(7).

---

[1] The Court did not consider the factors in § 3553(a)(2)(A): the seriousness of the offense, respect for the law, and just punishment.

3

## Recommendations

The Court has taken judicial notice of the agreed recommendation and the pre-sentence report, as well as the Petition, Adjustment Summary, and Violation Conduct Computation prepared by the Probation Office. The Court also has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. Defendant's violation is a Grade C and his criminal history category is VI, resulting in an (advisory) guideline range of 8 to 14 months imprisonment. In considering the required factors, the Court finds most compelling the nature and circumstances of the offense, Defendant's history and characteristics, the need to afford adequate deterrence to criminal conduct, and the need to protect the public. Defendant completed 23 months of supervised released in full compliance, but his violations were serious and violent. At the hearing, counsel agreed that Defendant and the community would benefit from additional supervision to help prevent another assault and support Defendant's transition to lawful conduct.

For these reasons, this Magistrate Judge **RECOMMENDS** that Defendant's term of supervised release be **REVOKED** and that he be sentenced to **nine (9) months incarceration, adjusted for the 268 days he served in state custody, followed by a term of two (2) years of supervised release**.

## Warnings

Having been orally advised of these Findings and Recommendations, the parties have waived their right pursuant to 28 U.S.C. § 636(b)(1)(C) to object to this Report and Recommendation within 14 days. The matter is ripe for the District Court to act on it immediately.

**SIGNED** on October 3, 2025.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE